[No. 1608.]

BOARD OF COUNTY COMMISSIONERS OF PROWERS COUNTY
v. BEDELL.

1. CONTRACTS—COUNTY PHYSICIAN—PERSONAL SERVICES.
In an action by a physician upon a contract made with a county whereby he for a consideration agreed to furnish medicines and surgical appliances and attend, take care of and give all proper medical attention to all poor persons who might be a charge upon the county, the fact that he was absent from the county part of the time on account of sickness of himself and wife was no defense to the action, where he employed another competent physician to attend to the county patients during his absence.   The employment was not one which called for personal services wherein he could not substitute another for himself.   All that it required was proper medical attention, medicines, etc.

2. SAME.
Where a physician contracted with a county for a consideration to furnish all proper medicines and medical attention to all poor persons who might be a charge upon the county, it would be unreasonable to hold that he could not substitute another reputable physician in his stead during sickness or temporary absence, even if the contract was one that called for personal service.

3. SAME.
Where a county physician during his temporary absence employed another physician in his stead and a member of the board of county commissioners on several occasions, during the time, called upon

the substituted physician to attend the county poor which he did, it was a recognition by the county of the employment of the substitute.

4. CONTRACTS—COUNTY PHYSICIAN—EVIDENCE.

In an action by a county physician against a county upon a contract of employment for a certain period, evidence that during part of the time the county employed another physician was properly excluded, where the only defense set up in the answer was that plaintiff had failed to comply with the terms of his contract. If plaintiff had fulfilled the obligations of his contract the fact that the county employed another physician was no defense to his action.   .

5. SAME.

In an action by a county physician for compensation for his services, the record of the county poor kept in the clerk's office and made up after the expiration of the quarter for services during which the action was brought was properly excluded.

6. PRACTICE—RECOVERY OF LESS THAN CLAIMED.

A defendant cannot complain that a plaintiff recovered less than he claimed and less than he was entitled to recover.

*Appeal from the District Court of Prowers County.*

Messrs. KILGORE & HESS, for appellant.

Mr. C. C. GOODALE, for appellee.

WILSON, J.

On March 26, 1896, plaintiff Bedell, a practicing physician, was appointed and employed by the defendant as county physician of Prowers county.   .The contract of employment was in writing, signed by both parties, and provided that the plaintiff from date until January 1, 1897, should perform all the duties of health officer within and for Prowers county, and also should " take care of and give all poor person or persons who' may be a proper charge upon the county, giving the same proper medical attention and care, furnishing all .medicines, surgical dressings and appliances," etc.   The compensation of plaintiff was to be $55.55 a month, paid quarterly. Payment seems to have been regularly made until the plaintiff's bill for the quarter ending September 30, was presented.

This was disallowed, and the plaintiff brought this suit to recover on the agreement. The defendant's answer denied that he had complied with the terms of the contract, and alleged that he had failed, neglected and refused to attend divers sick poor persons, who were a proper charge upon the county. Trial was to a jury, and verdict and judgment were in favor of plaintiff.

The assignments of error are quite numerous, but they are not printed, either in the abstract or brief of counsel. We shall therefore consider those only which seem to be relied upon, and are discussed by counsel in their brief. It seems that during the quarter in question, the wife of the plaintiff was seriously ill for a long time, and it was considered necessary to remove her to Denver and keep her in a hospital for treatment; that also during this time the plaintiff himself was quite ill in Denver for a number of weeks, and unable to attend to any business. From these causes, he was absent from Prowers county during a considerable portion of this quarter. During his absence, it appears that Dr. Hasty, a reputable physician of the county, under arrangement with the plaintiff, had attended to all of plaintiff's practice, both for private individuals, and under the contract with the county. Defendant relies upon this to defeat the recovery, claiming that the contract called for the personal services of the plaintiff, and that he could not substitute another physician for himself, and maintain his claim for compensation against the county. We think this contention without any force. Under every reasonable construction of the contract, it did not call for the personal services in all cases of the plaintiff. All that it required was proper medical attention, medicines, etc., and there was no effort to show that Dr. Hasty was incompetent or inefficient. Even if the contract had specifically called for the personal services of the plaintiff, it would be unreasonable to claim that in case of his sickness or temporary absence, he could not furnish the services of another physician without forfeiting his contract, provided that such other rendered proper services. Moreover, it seems that the de-

fendant itself recognized the employment by plaintiff of Dr. Hasty to attend to his practice during his absence, because it appears from the testimony of one of the commissioners that he upon several occasions called upon Dr. Hasty to attend to some of the county poor, and that his request was complied with. Defendant contends that this should be in no manner binding upon the board of commissioners, because it was the act of only one commissioner. Section 2532, Gen. Stats., provides that in case of any one falling sick, and being unable to supply their own nursing and medical attendance, any one of the commissioners may give an order to supply them with such assistance as they might need.

The defendant offered to show that on July 25, it had appointed one Dr. Frieund as county physician and health officer under a contract similar to that with plaintiff, but the court refused to admit the evidence. We think the court was correct. This was entirely irrelevant to the issues in this case, and had no bearing whatever upon it. The only question was whether plaintiff had complied or failed to comply with his contract, and upon this issue we cannot conceive how the employment of some other person could have any bearing. Defendant claims that this evidence was admissible, because the contract was in part for the services of plaintiff as health officer under the terms of section 2633, Gen. Stats., and that by the provisions of this statute, the commissioners had the power to remove the officer at their pleasure. A sufficient answer to this is that this matter was not pleaded in defendant's answer. The only defense which it set up was that the plaintiff had failed to comply with the terms of his contract. Even if this were true, under the terms of the contract it would not prevent the recovery by plaintiff of the compensation agreed upon, if he had fulfilled the obligations of his contract, for his services as county physician.

Defendant also complains that the court refused to receive in evidence the record of the county poor, kept in the clerk's office. In this refusal also, we think the court was correct. The record, even if it had been available for any purpose,

could certainly have no bearing upon the issues in this case, because it appeared from the evidence of the clerk that it was not made up until after the expiration of the quarter, for services during which the plaintiff was claiming the stipulated salary.

As to whether or not the plaintiff had failed in any respect in the discharge of his duties under the contract, was a question of fact, and it having been determined by the jury in favor of plaintiff, and there being evidence to support the finding, it is conclusive upon this court.

The instructions of the court taken as a whole fairly submitted the issues, and in fact from the record as presented, we are of opinion that one instruction only, and that directing the jury to find for plaintiff, would not have been error. There was an entire failure of defense, it being held and properly held by the court that the employment of Dr. Hasty to attend to the practice of plaintiff during his absence, was not a violation nor forfeiture of the contract.

The jury for some reason awarded plaintiff a less amount than he claimed, and less than the salary for three months would have amounted to, but this is a matter of which the defendant is not entitled to complain. The judgment will be affirmed.

*Affirmed.*